IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus C. Barr,                                        ) | C/A No. 0:12-302-MGL-PJG |
|                                       Petitioner,        ) | |
| vs.                                                           ) | **REPORT AND RECOMMENDATION** |
| Warden Leroy Cartledge,                        ) | |
|                                       Respondent.     ) | |

Petitioner Marcus C. Barr ("Barr"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 20.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Barr was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 24.) Barr filed a response in opposition to the respondent's motion. (ECF No. 30.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Barr's Petition denied.

## BACKGROUND

Barr was indicted in September 2007 in Laurens County for armed robbery (07-GS-30-1782) and conspiracy (07-GS-30-1781).[1] (App. at 96-99, ECF No. 21-1 at 98-101.) Barr retained Matthew P. Turner, Esquire to represent him, and on July 23, 2008 Barr entered a "straight up" plea to

---

[1] It appears that Barr was also charged with possession of a weapon during the commission of a violent crime and resisting arrest. However, these charges were *nol prossed*. (See App. 69-70, ECF No. 21-1 at 71-72.)



attempted armed robbery and conspiracy. (App. at 1-25, ECF No. 21-1 at 3-27.) The circuit court ultimately sentenced Barr to fifteen years' imprisonment for attempted armed robbery and five years' imprisonment for conspiracy, to be served concurrently. (See App. at 22-23, 82, ECF No. 21-1 at 24-25, 84.) Thereafter, Barr filed a motion to reconsider his sentence, which was denied. (ECF Nos. 21-3 & 21-4.)

Barr appealed. (ECF No. 21-5.) The South Carolina Court of Appeals directed Barr to provide a written explanation showing there was an issue which could be reviewed on appeal pursuant to Rule 203(d)(1)(B), SCACR. (ECF No. 21-6.) The responses indicated that Barr was dissatisfied with his sentence and asserted that plea counsel was ineffective in failing to file post-trial motions to have his sentence reduced. (ECF No. 21-7; see also App. at 41, ECF No. 21-1 at 43.) Barr's appeal was subsequently dismissed. (App. at 41, ECF No. 21-1 at 43.)

Barr filed a *pro se* application for post-conviction relief ("PCR") on March 12, 2009 in which he raised allegations of ineffective assistance of counsel. (Barr v. State of South Carolina, 02-CP-30-297; App. at 26-33, ECF No. 22-8 at 65-71.) The State filed a return. (App. at 45-48, ECF No. 21-1 at 47-50.) On October 27, 2009, the PCR court held an evidentiary hearing at which Barr appeared and testified and was represented by Rodney M. Brown, Esquire. (App. at 50-85, ECF No. 21-1 at 52-87.) By order dated February 5, 2010, the PCR judge denied and dismissed with prejudice Barr's PCR application. (App. at 88-95, ECF No. 21-1 at 90-97.)

Barr appealed. (ECF No. 21-8.) In his PCR appeal, Barr was represented by Lanelle Cantey Durant, Esquire, Appellate Defender for the South Carolina Commission on Indigent Defense, who

filed a Johnson[2] petition for a writ of certiorari on Barr's behalf that presented the following issue: "Did the PCR court err in failing to find plea counsel ineffective for not insuring that petitioner's guilty plea was knowingly, voluntarily and intelligently entered into?" (ECF No. 21-9 at 3.)  Barr filed a *pro se* response to the Johnson petition in which he presented several arguments supporting his claims of ineffective assistance of plea counsel.  (ECF No. 21-10.)  On December 15, 2011, the South Carolina Supreme Court denied Barr's petition for a writ of certiorari. (ECF No. 21-11.)  This action followed.

## FEDERAL HABEAS ISSUE

In Barr's federal petition for a writ of habeas corpus, he specifically raises the following issue:

> **Ground One:** Ineffective Assistance of Plea Counsel[:] Violation of the Sixth and Fourteenth Amendment Rights
> **Supporting Facts:** There was no evidence to support a charge of armed robbery or a conspiracy and ultimately the guilty plea was induced and entered unknowingly and not freely given under the totality of the above circumstances of this case.

(Pet., ECF No. 1 at 5.)[3]

---

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals).  Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  Anders, 386 U.S. at 744.

[3] In a memorandum attached to his Petition, Barr appears to raise other arguments supporting his allegation that plea counsel was ineffective.  (See ECF No. 1-1.)



## DISCUSSION

A.  **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g.,

PJG

Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(1), (2).  When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004).  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the



case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner



must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Respondent's Motion for Summary Judgment**

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's



unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000).  To establish the prejudice prong of the Strickland test, a habeas petitioner who pled guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' "[4] Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. at 788.  The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010)).  The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted).  Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions

---

[4] The court observes that the United States Supreme Court recently addressed the prejudice prong of the Strickland test where the plea offer has lapsed or been rejected due to counsel's deficient performance.  Missouri v. Frye, 132 S. Ct. 1399 (2012); Lafler v. Cooper, 132 S. Ct. 1376 (2012).  However, the Court reaffirmed that the Hill analysis continues to apply to cases "where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial." Frye, 132 S. Ct. at 1409.



were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court). Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland/Hill test in determining that no Sixth Amendment violation occurred.

Barr argues that plea counsel was ineffective in failing to insure that Barr's guilty plea was knowingly, voluntarily, and intelligently entered into. Specifically, Barr asserts that plea counsel and the solicitor coerced him into entering a guilty plea by informing him that he would be sentenced to thirty years otherwise. (ECF No. 1 at 5.) In a memorandum attached to his Petition, Barr also appears to argue that plea counsel failed to raises issues concerning the fact that Barr's co-defendant received a lesser sentence; failed to advise Barr on the elements of attempted armed robbery and

armed robbery;[5] and failed to argue that Barr is eligible for a sentence under the Youthful Offenders Act ("YOA"). (See ECF No. 1-1.)

Barr testified at the PCR hearing that based on his age—eighteen years old at the time of the crime—plea counsel should have sought a sentence under the YOA. Barr expressed concern that his co-defendant received a shorter sentence for committing the same crime. Barr also testified that his plea counsel and the solicitor met with him prior to his plea and told him that he would be sentenced to thirty years if he did not enter a guilty plea. Barr indicated that, contrary to this information, he was unaware that he could not be sentenced to thirty years. Barr stated that he felt pressured into entering the plea. However, Barr affirmed that during the plea colloquy he told the plea court that he had not been forced, made, threatened, coerced, or pressured to plead guilty; however, since that time, Barr has come to believe that he was coerced into entering the guilty plea. (See generally App. at 54-66, ECF No. 21-1 at 56-68.)

In rejecting Barr's allegation that plea counsel was ineffective, the PCR observed that Barr was originally charged with armed robbery, which carried a maximum sentence of thirty years' imprisonment; however, Barr entered a "straight up" guilty plea to attempted armed robbery, which carried a maximum sentence of twenty years' imprisonment. (App. at 91 n.1, ECF No. 21-1 at 93.) The PCR court indicated that Barr testified that "he would still plead guilty if he were given a 'decent offer.' " (App. at 91, ECF NO. 21-1 at 93.) The PCR court further stated that although plea

---

[5] Barr did not present this allegation to the PCR court; therefore, the court finds this claim of ineffective assistance of plea counsel to be procedurally barred. See, e.g., Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Further, Barr has failed to allege, much less demonstrate, cause or prejudice as a result of the default or that failure to consider the claim will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750.

counsel did not recall a specific conversation with the solicitor and Barr receiving a thirty-year sentence if he proceeded to trial, plea counsel testified that "he definitely informed the Applicant of the maximum sentence he was facing if he went to trial and was convicted, which was thirty (30) years."  (App. at 92, ECF No. 21-1 at 94.)  By negotiating a "straight up" guilty plea to attempted armed robbery, it "reduced the possible amount of jail time the Applicant was facing for his original armed robbery charge by ten (10) years."  (Id.)  The PCR court also found that plea counsel stated that "he discussed with the Applicant all of this information and his options to plea guilty or go to trial.  He also testified that the Applicant is intelligent, and that he was never concerned that the Applicant did not understand what he was pleading guilty to and the sentences he would receive."  (Id.)  Although plea counsel requested that the plea judge consider sentencing Barr under the YOA, plea counsel had informed Barr that he was not eligible for such a sentence.  (Id.)  Further, the PCR court stated that plea counsel testified that he filed a motion to reconsider Barr's sentence, which was denied.  (App. at 93, ECF No. 21-1 at 95.)

> The PCR court found that
>
> the Applicant's testimony that counsel did not give him good advice, and that counsel and the Solicitor threatened him with a thirty (30) year sentence to make him plead guilty is not credible. This Court also finds that counsel's testimony regarding his discussions with the Applicant about his options to plead guilty or proceed to trial, and the possible sentence he could receive, is credible. Counsel's representation was effective.

(Id.)  Further, the PCR court found that plea counsel

> adequately conferred with the Applicant, conducted a proper investigation, was thoroughly competent in his representation, and that counsel's conduct does not fall below the objective standard of reasonableness.  The transcript reflects that the Applicant's guilty plea was knowingly, voluntarily and freely made.  Counsel was effective, and the Applicant could have received a much greater sentence had he not ple[]d guilty.



(App. at 94, ECF No. 21-1 at 96.)  Therefore, the PCR court concluded that Barr had failed to prove either prong of the Strickland test.

Upon thorough review of the parties' briefs and the record in this matter, the court finds that Barr cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings.  See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1).  As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable.  This is different from asking whether defense counsel's performance fell below Strickland's standard."  Harrington, 131 S. Ct. at 785.  The crux of Barr's first argument in response the respondent's motion for summary judgment is that the PCR court erred in finding him not credible with regard to his allegation that he felt coerced.  Barr asserts that there was not a sufficient factual basis in the record to support this finding as there was no evidence to refute how he felt.  However, Barr's general arguments are insufficient to clearly show that the PCR court's credibility determinations were without support.  See Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' ") (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010) and Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)).  Moreover,  Barr's support for his argument that plea counsel should have argued that he was eligible for a YOA sentence appears to rely on outdated law that has been amended.  See S.C. Code Ann. § 16-11-330 (amended in 1996 to delete the provision Barr appears to rely on); State v. Johnson, 279 S.E. 2d. 606 (S.C. 1981) (discussing the pre-1996 version of § 16-

11-330); cf. S.C. Code Ann. § 24-19-10 (amending definition of "youthful offender"). Accordingly, Barr has failed to demonstrate that he is entitled to federal habeas relief.

## RECOMMENDATION

Based on the foregoing, the court recommends that the respondent's motion for summary judgment (ECF No. 20) be granted and Barr's Petition be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 28, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).